Affirmed.

27 C.C.P.A. (Patents)

## In re BORK.
### Patent Appeals No. 4314.

Court of Customs and Patent Appeals.
May 29, 1940.

Walter C. Ross, of Springfield, Mass., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims—Nos. 7 and 8—in appellant's application for a patent for an alleged inven-tion relating to improvements in oil-burning apparatus, more particularly to an electric circuit-control means therefor, as set forth in the appealed claims.

Appealed claim 8 is narrower than appealed claim 7 and sets forth appellant's specific structure, the primary purpose of which is to prevent the electric motor, which drives an oil pump, from operating when there is insufficient electric spark to ignite the oil as it is sprayed into the fire box of a domestic heating boiler.

It appears from appellant's application that if, owing to insufficient spark, the oil is not ignited as it is sprayed into a hot fire box, there is likelihood of an explosion.

Claim 8 reads: "8. The combination in an oil burner apparatus of, an oil pump and an electric motor for driving the same, a pair of spaced electrodes for a spark gap, a source of energy, an iron-core transformer having a primary and a secondary winding, a single connection extending from each end of said secondary winding and terminating at an electrode providing an open circuit including said secondary and electrodes open at said electrodes, a switch device having a movable member magnetically related to said transformer core arranged and adapted to assume a circuit closing position when said core is energized and to assume an open position when said core is de-energized, circuits connected to said source of energy and including said motor, transformer primary and switch device arranged whereby said motor and primary are connected to the source of energy through said switch device when said movable member is in closed position while the same are disconnected when said movable member is in open position, all adapted and arranged whereby continuous sparking may be produced at the electrodes and bring about energizing of said core to cause the movable member to remain in closed position while on cessation of said sparking said core is de-energized and said member assumes an open position to disconnect said motor and transformer primary from said source of energy."

The references are: Fischer et al., 1,688,-864, October 23, 1928; Breese, 1,757,951, May 13, 1930; Eiseman, 1,767,058, June 24, 1930.

The patent to Fischer et al. relates to electric spark ignition means for oil burners, and it is stated therein that the electric circuit there disclosed "embodies a relay in series with one of the coils of the ignition

spark transformer, whereby an open circuit or even an insufficient flow of current in either the primary or secondary circuit will prevent operation of the burner. It also embodies means whereby a short circuit or partial short circuit of the spark gap will prevent operation of the burner."

The patent to Eiseman relates to a combined ignition transformer and fuel control which is designed to be used with a conventional oil burner. The patentee refers to his structure as a no-spark, no-fuel device.

As stated by the Primary Examiner in his statement to the Board of Appeals, the Eiseman patent discloses "the ignition transformer as claimed" by appellant, and "an armature magnetically related to the transformer to operate the fuel feeding means." The examiner further stated that "The details of the latter [the fuel feeding means] are not regarded as material to the combination claimed, it being held obvious that the armature * * * of Eiseman could be used to initiate operation of the conventional oil burner system disclosed" by appellant.

Instead of an electric switch for stopping the motor as in appellant's device, the patentee Eiseman discloses a valve in the oil line, which is open under normal conditions, but is closed so as to prevent the oil from reaching the fire box of the heating boiler in the event there is insufficient spark to ignite the oil as it is sprayed into the fire box. The patentee states, however, that instead of the valve in the oil pipe, some "other movable control member" may be utilized.

The patent to Breese relates to improvements in thermostats, and particularly to thermostats adapted for use with "domestic house heating plants." The patentee discloses a switch in the circuit of a motor. His thermostat is so constructed and arranged that when heat is desired the circuit is closed and the motor caused to operate, and when the required degree of heat has been obtained the circuit is broken and the motor ceases to operate. The patentee, however, does not disclose any means to prevent the operation of the motor in an oil fuel feeding device in the event there is insufficient spark to ignite the oil when it is sprayed into the fire box.

The appealed claims were rejected by the Primary Examiner on the disclosure in the patent to Eiseman in view of the disclosure in the patent to Breese, the examiner stating that it would not involve invention to "replace the valve and burner contemplated in Eiseman by a switch and burner system as shown in Breese"; that "the claim [claim 7] calls merely for indirect electrical control of the fuel supply as contrasted with direct mechanical control"; that it would not involve invention to use the "armature" disclosed in the patent to Eiseman to operate a motor switch in the same circuit and of the same character" as that disclosed in the patent to Breese; and that whether "the control is attained with a valve or a switch is deemed immaterial since both are well known in the art." (The rejection of claim 7 by the Primary Examiner is also applicable to the narrower claim 8.) The claims were further rejected by the Primary Examiner on the reference patent to Fischer et al. in view of the patent to Eiseman.

The Board of Appeals affirmed the Primary Examiner's rejection of the appealed claims on the patent to Eiseman in view of the patent to Breese, and stated that it also considered the patent to Fischer et al. as "cumulatively pertinent art."

Counsel for appellant contended before the tribunals of the Patent Office, and contends here, that the structure disclosed in the patent to Fischer et al. is inoperative and is not a proper reference in the instant case.

In his statement to the Board of Appeals, the Primary Examiner explained in considerable detail why he thought the patent to Fischer et al. was a proper reference. However, being of opinion, as were the tribunals of the Patent Office, that the structure defined in the appealed claims does not involve invention in view of the disclosures in the patents to Eiseman and Breese, we deem it unnecessary either to explain the structure disclosed in the Fischer et al. patent or to discuss its applicability as a reference.

It is stated in the brief of counsel for appellant that the patent to Eiseman discloses a valve for an oil line, which is opened and closed by an armature associated with a transformer; that the valve acts merely to stop the flow of the oil in the oil line; that the patentee does not disclose any means "to stop the oil pump motor"; that "the motor would continue to operate after spark failure and force oil against the valve, so that pressure would be built up in the pipe"; and that "Eiseman's valve, which at best is merely a stop, fails

to meet" the appealed claims "because it does not function as a switch for positively stopping the source of the oil and *he lacks the spark plugs, single connections thereto, oil burner, pump and, of course, the motor switch magnetically related to an iron core transformer.*" (Italics ours.)

It is true, as argued by counsel for appellant, that neither the Eiseman reference nor the Breese reference discloses the combination defined by the appealed claims, nor do either of those references disclose all of the elements of appellant's oil fuel feeding device. However, the Primary Examiner held that all of those elements are old, and that holding has not been challenged by counsel for appellant.

We have given the arguments of counsel careful consideration, but are of opinion that it would be obvious to one skilled in the art, in view of the disclosures in the patents to Eiseman and Breese, to substitute the switch in the motor circuit of Breese for the valve in the oil line of Eiseman, and that, when such substitution is made, the armature disclosed in the Eiseman patent would, in the event the electric spark was insufficient to ignite the oil as it is sprayed into the fire box of a domestic heating boiler, operate the movable member in the switch to break the motor circuit and stop the motor. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.